Guy Gilbert Ribaudo, J.
The primary issue in this action for rent submitted upon an agreed statement of facts is whether the tenant, under the terms of his sublease, is responsible for additional rent measured by the cost to the landlord of the installation of a sprinkler system and the increase in real estate taxes during the renewal term of the tenant’s sublease.
The basic rule of law to be gleaned from the instruments signed by the parties in the light of the surrounding circumstances at the time of such signing is whether the parties intended to fasten upon the tenant the burden of paying these charges, unanticipated at the time the sublease was executed. (Edwards v. McLean, 122 N. Y. 302, 306. See Holden v. O’Brien, 209 App. Div. 266, 267.)
The provision of the sublease is: “ 41. If the landlord herein renews his lease for a period after August, 1961, then in that event the Landlord will extend to the Tenant the option to renew his lease for a period of 2 years subject to any such restrictions in Landlord’s lease, at the discretion of the Landlord at the same rental or at an approximately proportional higher rental if the Landlord pays a higher rental.”
This sublease was executed on August 19,1959.
Upon the expiration of the landlord’s term, the landlord entered into an extension of the major lease and agreed: “ all upon condition, however, that the Tenant (i.e. the Landlord in this proceeding) will install and provide at its own expense a sprinkler and fire alarm system in said premises, if required, so to do by any municipal department of the City of New York, including the Fire Department, Labor Department or any other Department, and that upon such requirement the Tenant agrees promptly to install and pay at its own expense for the proper installation of said sprinkler and fire alarm system so as to comply with said requirement and to obtain the approval of the Department requiring the same as a compliance with said requirement ”.
After the inception of the renewal term of the sublease and on September 19, 1961, the Fire Department of the City of New York directed that the landlord was to install a sprinkler system.
*1041 In addition, after the inception of the renewal term of the sublease, there was an increase in real estate taxes of $535 per annum.
Pursuant to the foregoing provisions, the landlord in this action seeks to hold the subtenant responsible for a portion of the cost of the sprinkler system and for a proportionate cost of the increase in real estate taxes.
Time and again, there have been repeated efforts by landlords to fasten upon unsuspecting tenants the cost of unusual improvements not contemplated at the time of the inception of the tenancy. (See Matter of Brown v. Denner, 30 Misc 2d 229.)
However, in the absence of a clear intention upon the part of the parties such a burden should not be fastened upon the tenant. Time and again, the courts have rejected such efforts by the landlords.
It can hardly be conceivable that the subtenant here, who agreed to pay a mere $125 per month, would be held to have agreed to share in the cost of the installation of a sprinkler system whose cost was $17,950, particularly since such sprinkler system in no way related to the type of occupancy of the tenant. The arbitrary apportionment of the landlord as well as the landlord’s arbitrary agreement to assume the cost of the sprinkler system cannot be fastened upon the subtenant when such an agreement was made without his consent.
Upon all the facts and upon the provisions of the sublease, the court finds no intention upon the part of the parties to fasten upon the subtenant as additional rent the cost of the installation of the sprinkler system or any prorata adjustment with respect thereto.
On the other hand, the real estate taxes was a normal and natural additional rent to be paid by the landlord herein as the major tenant. With respect to this aspect of the case, the court does find an intention that any increase in such real estate taxes should be shared during the renewal term by the subtenant. The provisions of paragraph 41 make this abundantly clear.
The per annual increase in real estate taxes was $535. The tenant is responsible for only a prorata share of this increase. The landlord has determined such prorata share by establishing the percentage which the increase bears to the rent previously paid by the landlord under the major lease. The court determines this percentage to be 4.7%. Hence, the subtenant is responsible for the increase in its basic rent of $125 per month of a like percentage, which comes to $5.88 per month.
*1042 The landlord, hence, is entitled to judgment in this amount for a period of 24 months, in the total sum of $141.12 and is entitled to a judgment for rent for the month of September, 1963 in the amount of $130.88. Let judgment be entered accordingly for the amount of $272.